NORFOLK & WESTERN RAILWAY
COMPANY, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 3-378A53.

Court of Appeals of Indiana,
Third District.

April 11, 1979.

Rehearing Denied May 16, 1979.

Thomas W. Yoder and Thomas P. Yoder, Livingston, Dildine, Haynie & Yoder, Fort Wayne, for appellant.

Theo. L. Sendak, Atty. Gen., Dennis K. McKinney, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Norfolk and Western Railway Company (appellant, Railway) appeals from a conviction and fine of $100 for blocking a railroad crossing for a period in excess of ten [10] minutes. IC 1971, 8–6–7.5–1 (Burns Code Ed.).

The issues for appeal concern sufficiency of the evidence and the trial court's construction of the statute involved.

Upon review this Court must consider only that evidence tending to support the findings of fact, conclusions of law, and judgment reached by the trial court, as well as reasonable inferences drawn therefrom. If sufficient evidence to support the trial court's judgment exists, it must be affirmed. *Peters v. Davidson, Inc.* (1977), Ind.App., 359 N.E.2d 556.

■ Evidence most favorable to the State establishes that at approximately 6:30 P.M. on August 1, 1977, one of appellant's trains was entering its yards located east of Fort Wayne when it was halted because smoke had been sighted arising from two of its cars. Subsequent examination disclosed that the brakes on these cars had locked and caused two journal boxes to overheat, necessitating repair work. As a consequence the intersection at Hartzell Road and Main Street was blocked from approximately 6:30 P.M. to 7:12 P.M. Officer Charles Lane of the Allen County Police Department was forced to stop at the intersection by the train. He timed the duration of the blockage, deemed it to have exceeded the statutory time limit, and issued a traffic citation.

In addition to Officer Lane's accounting at trial, testimony was given by Steve Winget and Robert Robinson, two of many motorists detained at the crossing by the freight train. They testified that their travel was impeded by the train for a period in excess of ten minutes. The elements which the State was required to prove include the obstruction of public travel, at a railroad highway crossing, for more than ten minutes. These elements are sufficiently supported by the above testimony.

■ Appellant next challenges that the decision is contrary to law because the trial court incorrectly construed and applied the statute involved. Specifically, the Railway contends that its conduct falls within the exception provided by statute:

"8–6–7.5–1 [55–2023]. Blocking railroad crossings unlawful—Exception.—It shall be unlawful for a railroad corporation to permit any train, railroad car or engine to obstruct public travel at a railroad-highway grade crossing for a period in excess of ten [10] minutes *except where such train, railroad car or engine cannot be moved by reason of circumstances over which the railroad corporation has no control.*" (Emphasis added.)

The Railway presented two witnesses at trial: General Yard Master John Putnam and Car Inspector William Dillman, who repaired the brakes. Each presented testimony that the brakes on the two cars were locked and that repairs were effectuated as quickly as possible. Dillman testified that although the train could have been separated to clear the intersection while repair work was attended to, the crossing would have ultimately been blocked for a longer length of time.

Appellant contends that the language of the proviso, "circumstances over which the railroad corporation has no control," modifies the original occurrence causing a train breakdown. Therefore, the Railway should be exculpated since it did not cause or have control over the locked brakes. The State alleges that the provision pertains to ability to move the train itself. Thus, the State contends that the railroad was responsible for violating the statute, since the evidence demonstrates that the train could have been cut and moved. It had control over the blockage and over the movement of the train.

■ To date there are no cases interpreting this statute. The trial court's construction places an absolute duty upon a railroad to clear any crossing within ten minutes, if such is within its power. That is, if a crossing can be cleared by separating the cars, such must be done. This interpretation is in accordance with well-established principles of construction which command that courts must construe and apply a statute in accordance with its plain meaning, *St. Germain v. State* (1977), Ind., 369 N.E.2d 931; *Ind. Dept. of St. Rev., etc. v. Cable Brazil, Ind.* (1978), Ind.App., 380 N.E.2d 555; and determine legislative intent from clear and unambiguous language in the statute. *Ott v. Johnson* (1974), 262 Ind. 548, 319 N.E.2d 622; *Gonser v. Bd. of Com'rs for Owen Cty.* (1978), Ind.App., 378 N.E.2d 425. *Pruden v. Trabits* (1977), Ind. App., 370 N.E.2d 959. The interpretation urged by appellant would produce an absurd result and contravene the clear intent of the Legislature. If the statute were interpreted to mean that as long as the condition causing the original breakdown is

beyond the control of the railroad, blockage exceeding ten minutes is acceptable, the statute would be largely meaningless. Such an application cannot be permitted. *Loza v. State* (1975), 263 Ind. 124, 325 N.E.2d 173; *Chaffin v. Nicosia* (1974), 261 Ind. 698, 310 N.E.2d 867; *State ex rel. Bynum v. LaPorte Sup. Ct.* (1973), 259 Ind. 647, 291 N.E.2d 355; *In re Adoption of Jackson v. Barnhill* (1972), 257 Ind. 588, 277 N.E.2d 162; *Moore v. State* (1972), 257 Ind. 584, 276 N.E.2d 840; *Hilligoss v. LaDow* (1977), Ind.App., 368 N.E.2d 1365; *In re Adoption of Dove* (1977), Ind.App., 368 N.E.2d 6, *reh. denied*, 371 N.E.2d 387. To be sure, all mechanical failures result from malfunction of machinery which is usually beyond human control. And, as General Yard Master Putnam stated, "This happens all the time." Such a construction would void the plain intent of the Legislature to prevent lengthy obstruction of public travel because trains experiencing any mechanical difficulties could then remain on highway intersections indefinitely without fear of violating any statute.

Appellant contends that the judgment negates the purpose of the statute by premising a conviction upon failure to utilize procedures which would ultimately increase blockage of the intersection, i. e., the greater time involved in cutting the train. It argues that a test must be employed which balances the interests of the railroad against the public interest, weighing the actual time a crossing is impeded against utilization by the railway of the fastest method available of effecting repairs. No such balancing test is contained in the statute. Appellant is reminded that IC 1971, 8–6–7.5–1 is a penal statute and thus must be definite so that an ordinary person may know with certainty when he is in violation of the law. *Caudill v. State* (1946), 224 Ind. 531, 69 N.E.2d 549; *State v. Beckman* (1941), 219 Ind. 176, 37 N.E.2d 531; *Railroad Com., etc. v. Grand Trunk, etc., R. Co.* (1913), 179 Ind. 255, 100 N.E. 852.

Whether or not a ten-minute blockage limit is realistic is the exclusive domain of the Legislature and any modification thereof must come from that assemblage.

Therefore, the statutory exception only applies where the train cannot be moved by reason of circumstances beyond the railroad's control. There is evidence of record that the train could have been separated and moved. Only where evidence and inferences lead to one conclusion opposite to that reached by the trial court will a decision be deemed contrary to law. *Vaughn v. Peabody Coal Co.* (1978), Ind.App., 375 N.E.2d 1159.

The burden of proving the applicability of the exception clause contained in the statute at trial was upon the Railway. *See: Day v. State* (1968), 251 Ind. 399, at 402, 241 N.E.2d 357, at 359. Having failed to sustain this burden, the judgment below is affirmed.

Affirmed.

GARRARD, P. J., concurs.

STATON, J., concurs with opinion.

STATON, Judge, concurring.

I concur with the majority opinion. My rationale for affirmance would be slightly different regarding the interpretation of the statute with regard to the evidence. The statute provides an exception which relates only to the ability of the railroad to control the circumstances which have caused the obstruction to public travel. The evidence clearly shows that the railroad had the ability to control the duration of the obstruction to public travel. It could have cut the cars and permitted public travel over the crossing. Therefore, the railroad did not fall within the statutory exception.