**STATE of Indiana, Appellant–Plaintiff,**

v.

**CSX TRANSPORTATION, INC., Appellee–Defendant.**

No. 17A03–9601–IF–33.

Court of Appeals of Indiana.

Nov. 26, 1996.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

Branch R. Lew, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for Appellee–Defendant.

## OPINION

STATON, Judge.

The State of Indiana appeals the acquittal of CSX Transportation, Inc. ("CSX") for blocking a railroad crossing for a period in excess of ten minutes.[1] The sole issue presented for our review is whether the trial court erroneously interpreted IC 8–6–7.5–1.

We affirm.

The facts most favorable to the trial court's judgment reveal that due to citizen complaints, the Garrett Police Department began issuing citations to railroad companies for blocking railroad crossings within the city limits. CSX received several citations in a three week time period, but only two citations are relevant to this appeal. At approximately 9:45 p.m. on November 19, 1994, Officer Thomas Smurr observed a CSX train cross a railroad crossing on Randolph Street in Garrett. The train blocked the intersection for approximately thirteen minutes. Officer Smurr did not testify concerning whether he observed any cars or pedestrians attempt to cross while the train was present. He issued a citation to CSX for unlawfully blocking the crossing in excess of ten minutes.

On the morning of December 8, 1994, Officer Claude Anderson observed another CSX train block the Randolph Street crossing for twenty minutes. During this time period, Officer Anderson observed one vehicle approach the railroad crossing, turn around and proceed back down Randolph Street. He did not testify concerning any other vehicles waiting at the crossing. Another citation was issued to CSX for obstructing the railroad crossing in excess of ten minutes.

The various citations were consolidated for trial. CSX was found guilty of three infrac-

---

1. IND.CODE § 8–6–7.5–1 (1993).

tions not described above. The trial court found that the State had not presented evidence that public travel was obstructed with regard to the two charges described above and acquitted CSX. This appeal ensued.

 The State argues that the trial court based its judgments of acquittal on an erroneous interpretation of IC 8–6–7.5–1. A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. *State v. Windy City Fireworks, Inc.,* 600 N.E.2d 555, 558 (Ind.Ct.App.1992), *adopted on transfer,* 608 N.E.2d 699 (Ind. 1993). When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. *Detterline v. Bonaventura,* 465 N.E.2d 215, 218 (Ind.Ct.App.1984), *trans. denied.* We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Id.* We presume words appearing in the statute were intended to have meaning, and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Indiana Dept. of Human Services v. Firth,* 590 N.E.2d 154, 157 (Ind. Ct.App.1992), *trans. denied.*

 However, we cannot and do not engage in this statutory interpretation unless the language of the statute is ambiguous. *Hinshaw v. Bd. of Comm'rs of Jay County,* 611 N.E.2d 637, 638 (Ind.1993). An ambiguous statute is one which is susceptible to more than one interpretation. *Id.* When a statute is ambiguous, we will engage in construction to effect the intent of the legislature. *Id.* However, if the statute is not ambiguous, we must give effect to the plain, ordinary, and usual meaning of the words of the statute. *State Bd. of Tax Comm'rs v. Jewell Grain Co., Inc.,* 556 N.E.2d 920, 921 (Ind.1990).

 The State argues that IC 8–6–7.5–1 is ambiguous. However, our review does not reveal any ambiguity. The statute clearly states that it is illegal to obstruct public travel, not to simply obstruct the railroad crossing. The plain meaning of this language indicates that there must be evidence that the public attempted to travel across the railroad crossing before a violation of this statute occurs. Moreover, this court has previously held that the elements of a violation of this statutory provision are: 1) obstruction of public travel, 2) at a railroad crossing, 3) for more than ten minutes. *Norfolk & Western Railway Co. v. State,* 180 Ind.App. 185, 387 N.E.2d 1343, 1344 (1979), *reh. denied, trans. denied.* Because the State failed to present evidence that public travel was obstructed for more than ten minutes, we conclude that the trial court properly entered judgment in favor of CSX on two of the charges of obstructing the railroad crossing.

Affirmed.

HOFFMAN and FRIEDLANDER, JJ., concur.