Jelani **MERRITT**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–0305–CR–169.

Court of Appeals of Indiana.

Feb. 27, 2004.

Transfer Granted May 8, 2004.

Gregory Paul Kauffman, Hilgendorf & Kauffman, South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Jelani Merritt ("Merritt") was convicted of possession of marijuana, a Class A misdemeanor.[1]  We reverse.

### Issue

Merritt raises two issues, which we consolidate and restate as whether the trial court erred in admitting evidence of the marijuana because the underlying traffic stop for improper display of a license plate was unlawful.

### Facts and Procedural History

On October 5, 1999, Officer James Andrews ("Officer Andrews") of the South Bend Police Department observed a Cadillac sedan leaving the Beacon Heights apartment complex.  The car's license plate was displayed in the rear window, rather than attached or bracketed to the rear bumper.  Officer Andrews initiated a traffic stop for an improperly displayed plate, and identified Merritt as the driver.  Officer Andrews smelled marijuana emanating from the vehicle, and discovered a blunt of marijuana between the front seats. Officer Andrews and another officer arrested Merritt and impounded the car.  During an inventory search, police also discovered rock cocaine under the back seat of Merritt's vehicle.

The State charged Merritt with possession of marijuana, a Class A misdemeanor,

---

1.  IND.CODE § 35–48–4–11(a).

and possession of cocaine, a Class C felony.[2] Prior to trial, Merritt moved to suppress the evidence of marijuana and cocaine, which the trial court denied. On March 10, 2003, a jury trial commenced, and Merritt objected to the admission of the marijuana and cocaine evidence, which the trial court overruled. The jury acquitted Merritt on the cocaine charge, but found him guilty of possession of marijuana. The trial court sentenced Merritt to one year imprisonment, all of which was suspended. This appeal ensued.

### Discussion and Decision

#### A. Standard of Review

The admissibility of evidence is within the sound discretion of the trial court, and will not be disturbed absent an abuse of discretion. *Johnson v. State,* 710 N.E.2d 925, 927 (Ind.Ct.App.1999). Upon review of a trial court's ruling on a motion to suppress evidence, we examine the evidence most favorable to the ruling, together with any uncontradicted evidence. *Id.* We will neither reweigh the evidence nor judge the credibility of witnesses. *Id.* However, when the issue on appeal is a pure question of law, the court should review the matter de novo. *State v. Moss–Dwyer,* 686 N.E.2d 109, 110 (Ind.1997).

#### B. Analysis

Merritt argues that displaying a license plate in the rear window of his vehicle complies with Indiana Code Section 9–18–2–26, and thus, Officer Andrew's stop, which was premised on a violation of that section, was invalid. Section 26 provides that:

(a) License plates shall be displayed as follows:

(1) For a motorcycle, trailer, semi-trailer, or recreational vehicle, upon the rear of the vehicle.

(2) For a farm tractor or tractor, upon the front of the vehicle.

(3) For every other vehicle, upon the rear of the vehicle.

(b) A license plate shall be securely fastened, in a horizontal position, to the vehicle for which the plate is issued:

(1) to prevent the license plate from swinging;

(2) at a height of at least twelve (12) inches from the ground, measuring from the bottom of the license plate;

(3) in a place and position that are clearly visible;

(4) maintained free from foreign materials and in a condition to be clearly legible; and

(5) not obstructed or obscured by tires, bumpers, accessories, or other opaque objects.

(c) The bureau may adopt rules the bureau considers advisable to enforce the proper mounting and securing of license plates on vehicles consistent with this chapter.

The State contends that "upon the rear of the vehicle" means that the license plate must be on the "rear, or hindmost part, of the vehicle" and that "[p]lacing a license plate in the back window of a car does not satisfy that requirement." State's Br. at 4.

"When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act." *State v. CSX Transp., Inc.,* 673 N.E.2d 517, 519 (Ind.Ct. App.1996). There is a presumption that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals.

---

**2.** Ind.Code § 35–48–4–6(a).

*Id.* It is only when the language of a statute is ambiguous and unclear that we will engage in statutory construction to determine the intent of the legislature to give effect and validity to each provision thereof. *Id.* A statute is considered ambiguous if it is susceptible to more than one reasonable and intelligible interpretation. *Id.*

In enacting Indiana Code Section 9–18–2–26, the legislature did not define "rear of the vehicle," and thus the question we must resolve is whether a car's rear window would fall within the common and ordinary meaning of "rear of the vehicle." "Rear" is commonly defined, in addition to "hindmost," as "the part of something that is located opposite to its front" or "the back part of something." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1891 (2002). Because a rear window is part of a vehicle that is located opposite to its front, or is otherwise located on the back part of a vehicle, we conclude that the statute is ambiguous as to whether a rear window is within the definition of the rear of a vehicle.

As we noted in *Cash v. State*, the purpose of the statute is "to assure that the information contained on all registration plates be readily discernible." 593 N.E.2d 1267, 1269 (Ind.Ct.App.1992) (analyzing former Indiana Code Section 9–1–4–7). Here, there was no evidence suggesting that Merritt's license plate was not visible or failed to meet the criteria under Section 26(b). In fact, Officer Andrews testified, "If I remember it was straight across. You could read it." Tr. 14. The only reason Officer Andrews stopped Merritt was because his license plate was in the rear window of his car and not bracketed to the rear bumper.

We further note two incongruities with the State's interpretation that the rear of a vehicle must mean the "hindmost" part of a vehicle. First, some vehicles, namely vans, sports utility vehicles, and station wagons, have rear windows that are at the "hindmost" part of a vehicle. Thus, the owners of these vehicles could mount their license plates in the rear windows of their vehicles, as Merritt did here, whereas the owners of sedans, pickup trucks, and other vehicles in which the rear window is not at the "hindmost" position would not have that option. We doubt the legislature intended this absurd discrepancy, and such interpretation should be avoided. *Chavis v. Patton,* 683 N.E.2d 253, 259 (Ind.Ct. App.1997).

Second, the State's interpretation of "rear of the vehicle" makes Section 26(b)(3) irrelevant, because a license plate placed on the hindmost part of a vehicle is "in a place and position that are clearly visible," since, by definition, nothing could be blocking the visibility of a license plate in the "hindmost" part of a vehicle. Each word of a statute should be given effect and meaning where possible, and no part of the statute is to be held meaningless if it can be reconciled with the rest of the statute. *T.W. Thom Const., Inc. v. City of Jeffersonville,* 721 N.E.2d 319, 324 (Ind.Ct. App.1999).

Given these rules of statutory construction, Section 26(a) simply mandates the placement of a license plate depending on the type of vehicle, i.e. the front of tractors, and the rear for all other vehicles. Section 26(b) then focuses on the specific requirements to insure that the license plate is visible. We "refrain from overemphasizing a strict literal or selective reading of individual words." *Sullivan v. Day,* 681 N.E.2d 713, 717 (Ind.1997). We further note the common practice of displaying temporary license plates by placing them in the rear windows of vehicles, and such practice is consistent with the statutory purpose discussed in *Cash. See* IND.

CODE § 9–18–7–1 (temporary registration permit shall be "displayed"); IND.CODE § 9–18–26–10 (motor vehicle required to "display" license plates on the front and rear is only required to "display" one interim plate).[3]

In conclusion, the placement of Merritt's license plate complied with Indiana Code Section 9–18–2–6. Thus, Officer Andrew's traffic stop, based upon a violation of that section, was invalid, and the subsequent discovery of marijuana was improper; therefore the trial court abused its discretion in admitting the marijuana. *See Cash*, 593 N.E.2d at 1270. Accordingly, we reverse Merritt's conviction for possession of marijuana.

Reversed.

RILEY, J., and DARDEN, J., concur.

---

**3.** We note that Indiana Code Section 9–19–6–4 requires license plates to be illuminated so that the plate is legible from a distance of 50 feet. However, because Merritt was stopped shortly after noon, we need not address whether Merritt complied with this section.