STATE of Indiana, Appellant,

v.

Bruce PHILLIPS, Appellee–Defendant.

No. 19A05–0501–CR–4.

Court of Appeals of Indiana.

June 3, 2005.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

SULLIVAN, Judge.

The State appeals from the trial court's grant of Bruce Phillips' petition to reinstate his driving privileges[1] and decision to suppress the evidence seized following a stop of Phillips' vehicle. The State presents one issue for our review, whether the initial traffic stop was valid.

We reverse.

In the late hours[2] of June 14, 2004, Phillips was driving his Ford Mustang with a hatchback in Dubois County. Trooper Brian LaRoche observed Phillips' vehicle and noticed that it did not have a license plate light. Upon further examination, he concluded that the vehicle did not have a license plate so he initiated a traffic stop. Once he exited his vehicle, he saw what appeared to be a temporary tag in the back window, but he could not read the numbers or letters. After approaching Phillips' vehicle, Trooper LaRoche asked him to submit to a chemical test, which Phillips refused.

The State does not challenge the reinstatement of Phillips' driving privileges. Rather, the State only attacks the suppression of the evidence. Thus, we will treat this appeal as an appeal from the grant of a motion to suppress. Because the State has the burden of demonstrating the constitutionality of the measures used to secure evidence, the State is appealing from a negative judgment. *State v. Eichholtz,* 752 N.E.2d 163, 164 (Ind.Ct.App. 2001). Thus, the State must demonstrate that the trial court's ruling on the suppression motion was contrary to law. *Id.* We will reverse a negative judgment only when the evidence is without conflict and all reasonable inferences lead to a conclusion opposite that of the trial court. *Id.* This court neither reweighs evidence nor judges the credibility of witnesses. *Id.* Rather, we consider the evidence most favorable to the judgment.

In concluding that the stop was invalid in this case, the trial court relied upon this court's decision in *Merritt v. State,* 803 N.E.2d 1212 (Ind.Ct.App.2004). In that case, a police officer stopped a vehicle because the license plate was displayed in the rear window rather than being attached to the rear bumper. In reviewing Indiana Code § 9–18–2–26 (Burns Code Ed. Repl.2004), this court determined that there is no requirement that a license plate be displayed on a rear bumper of a vehicle rather than in the window. Rather, relying upon *Cash v. State,* 593 N.E.2d 1267, 1269 (Ind.Ct.App.1992), this court noted that the purpose of the statute is " 'to assure that the information contained on all registration plates be readily discernible.' "

---

1.  Phillips filed a Petition for Judicial Review, authorized by Indiana Code § 9–30–6–10 (Burns Code Ed. Repl.2004), which allows an individual whose driving privileges have been suspended because of a refusal to submit to a chemical test to seek a prompt hearing upon whether an officer had probable cause to believe the individual was operating a vehicle or whether the person had refused a chemical test. In his petition, Phillips asked for "all other relief just and proper." Appendix at 13. Upon ordering that Phillips' driving privileges

be reinstated, the trial court also ordered that all evidence obtained from Phillips' vehicle be suppressed. Because the trial court suppressed the evidence, the court allowed the State to dismiss the charges without prejudice.

2.  While not contained in the transcript, it appears that the stop occurred around 12:30 a.m.

803 N.E.2d at 1215. Because the officer who initiated the stop admitted that the he could read the information on the license plate, this court ruled that the stop was invalid. *Id.* at 1215–16. That being said, our Supreme Court granted transfer in *Merritt.* At the present, the Court has not rendered its decision in that case. Although the grant of transfer serves to vacate the Court of Appeals decision, we do not know if the court's logic—that it is not necessarily improper to display a license plate in a rear window—remains valid. Nonetheless, resolution of that issue is not necessary for this case as the facts leading to the stop here are distinguishable.

Indiana Code § 9–18–2–26 states:

"(a) License plates shall be displayed as follows:

(1) For a motorcycle, trailer, semitrailer, or recreational vehicle, upon the rear of the vehicle.

(2) For a farm tractor or tractor, upon the front of the vehicle.

(3) For every other vehicle, upon the rear of the vehicle.

(b) A license plate shall be securely fastened, in a horizontal position, to the vehicle for which the plate is issued:

(1) To prevent the license plate from swinging;

(2) At a height of at least twelve (12) inches from the ground, measuring from the bottom of the license plate;

(3) In a place and position that are clearly visible;

(4) Maintained free from foreign materials and in a condition to be clearly legible; and

(5) Not obstructed or obscured by tires, bumpers, accessories, or other opaque objects.

(c) The bureau may adopt rules the bureau considers advisable to enforce the proper mounting and securing of license plates on vehicles consistent with this chapter."

■ Upon observing Phillips' vehicle, Trooper LaRoche initially believed that it did not have a license plate. However, after initiating the stop, he "could tell there was a piece of paper that looked similar to a temporary tag that was in the window but could not read the numbers or letters." Transcript at 9. This testimony indicates a violation of I.C. § 9–18–2–26 in that the license plate was neither clearly visible nor clearly legible. An investigatory stop may be made when a police officer can point to reasonable and articulable facts, and inferences based upon those facts, which would warrant an intrusion upon the constitutionally protected rights of an individual. *Bovie v. State,* 760 N.E.2d 1195, 1198 (Ind.Ct.App.2002). Consequently, the trial court erred in concluding that the stop was invalid.

The suppression of the evidence is reversed. The cause is remanded for further proceedings not inconsistent with this decision.

BAILEY, J., concurs.

MATHIAS, J., dissents with opinion.

MATHIAS, Judge, dissenting.

I respectfully dissent. I believe that the majority's determination imposes subjective conditions beyond the scope of the statute that reasonable citizens could not and would not anticipate.

The statute provides that license plates must be "[i]n a place and position that are clearly visible" and *"maintained free from foreign materials* and *in a condition* to be clearly legible[.]" Ind.Code § 9–18–2–26(b)(3) and (4) (emphasis added). The statute requires only that the license plates be maintained in a condition such

that one could read the information. *See Cash v. State,* 593 N.E.2d 1267, 1269 (Ind. Ct.App.1992) (aim of statute to assure that information "be readily discernible").

Here, the officer stated that he could and did see the license plate or temporary tag after he initiated the stop at 12:30 a.m.; thus, it was "clearly visible," or at least as visible as a temporary tag positioned in the rear window of a vehicle can be at that early hour of the morning. The condition of the license plate and whether it was free from foreign materials, the only objective standards imposed by the statute with regard to legibility, are completely undisclosed by the record before us.

Without clear direction by the General Assembly as to the *objectively* proper manner to display a temporary tag, I do not believe we as a court should unilaterally outlaw what is clearly a common practice throughout the State: display of a paper-based temporary tag in the rear window of a vehicle in order to protect it from deterioration by the elements during the grace period to obtain a durable metal license plate. Indeed, such display appears to be Hoosier, common-sense compliance with the statute's core requirements to maintain the license plate (and by extension the temporary tag) in a condition to be clearly legible. I.C. § 9–18–2–26(b)(4).

In *Cash,* we noted that the officer had "imposed subjective conditions plainly beyond the scope of the regulation, criteria which a reasonable citizen cannot be expected to anticipate when he sets out to conform his conduct" to the statutory requirements. *Cash,* 593 N.E.2d at 1269. There, we rejected the officer's interpretation that the statute required "a license plate to be centered, secured with more than one bolt or hung on a bracket[.]" *Id.*

Under the facts and circumstances before us, there was no evidence that the placement or condition of the temporary tag offended the statutory requirements for visibility or legibility of license plates. I would therefore affirm the trial court's determination to suppress the evidence seized following the stop of Phillips' vehicle that was based solely upon the purported violation concerning Phillips' temporary tag.