ATTORNEY FOR APPELLANT
Gregory Paul Kauffman
Hilgendorf & Kauffman
South Bend, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No.  71S03-0405-CR-234

JELANI MERRITT,                                              *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                           *Appellee (Plaintiff below).*

Appeal from the St. Joseph Superior Court, No. 71D08-9910-CF-574
The Honorable Ronald W. Chamblee, Jr., Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 71A03-0305-CR-169

**June 17, 2005**

**Dickson, Justice.**

The defendant, Jelani Merritt, seeks reversal of his conviction for possession of marijuana on the ground that certain evidence introduced at trial resulted from a traffic stop based upon the display of a license plate in the rear window of his vehicle, which he contends is lawful.  The Court of Appeals reversed.[1]  We granted transfer,[2] and now affirm the trial court, holding that a license plate must be affixed to the brackets provided on the rear of the vehicle, and not in the

---

[1] Merritt v. State, 803 N.E.2d 1212 (Ind. Ct. App. 2004)
[2] 812 N.E.2d 806 (Ind. 2004).

rear window.[3]

The defendant believes that he did not violate any statutes and that the stop of his vehicle was illegal. According to the defendant, the placement of his license plate in the back window of his car did not violate Indiana Code § 9-18-2-26, which contains provisions regarding the display of license plates on vehicles. He contends that the trial court erred in denying his motion to suppress evidence.

The parties agree that the defendant's arrest and ensuing charges resulted from a traffic stop made by South Bend Police Officer James Andrews. The officer stopped the vehicle approximately 12:45 p.m. for an improperly displayed license plate after he observed a license plate "stuck in the back window" of the defendant's vehicle rather than "affixed to the back of the vehicle with screws."[4] The defendant asserts that the plate was securely placed inside the back window in a groove behind his rear speakers. The parties agree that the defendant was driving a Cadillac automobile, but the record does not identify the vehicle type or model nor whether the rear window glass was tinted.

Indiana Code § 9-18-2-26, labeled, "Display of license plates – Requirements," provides in part:

(a) License plates shall be displayed as follows:
    (1) For a motorcycle, trailer, semitrailer, or recreational vehicle, upon the rear of the vehicle.
    (2) For a farm tractor or tractor, upon the front of the vehicle.
    (3) For every other vehicle, upon the rear of the vehicle.

---

[3] As part of an experiment, this opinion departs from the usual style of citation and footnote use. *Cf.* Indiana Appellate Rule 22. Generally adhering to the footnote recommendations of Bryan Garner, The Winning Brief, 139-47 (2d ed. 2004), all citations unessential to the text are placed in footnotes, and substantive matter that otherwise might appear in footnotes is included in the text. This revised format does not meet with universal approval. *See* Richard A. Posner, Against Footnotes, 38 Court Rev. 24 (Summer 2001). The public, the bench, and the bar are invited to comment to the Supreme Court Administrator, 315 State House, Indianapolis, IN 46204.

[4] Appelant's App'x at 19-20. *See* Ind. Code § 9-18-2-40(b) (stating that a person who violates a provision in Ind. Code 9-18-2 commits a Class C infraction, which includes Section 26, requiring that license plates be securely fastened upon the rear of the vehicle); *see also* Ind. Code § 9-19-6-24(b) (providing that it is a Class C infraction to violate a provision in Ind. Code 9-19-6, which includes the Section 4 requirements for rear license plate illumination).

(b) A license plate shall be securely fastened, in a horizontal position, to the vehicle for which the plate is issued:

    (1) To prevent the license plate from swinging;

    (2) At a height of at least twelve (12) inches from the ground, measuring from the bottom of the license plate;

    (3) In a place and position that are clearly visible;

    (4) Maintained free from foreign materials and in a condition to be clearly legible; and

    (5) Not obstructed or obscured by tires, bumpers, accessories, or other opaque objects.

In addition, Indiana Code § 9-19-6-4, which details requirements for automobile tail lights, states in subsection (e):

> Either a tail lamp or a separate lamp must be placed and constructed so as to illuminate the rear registration plate with a white light and make the plate clearly legible from a distance of fifty (50) feet to the rear. A tail lamp or tail lamps, together with a separate lamp for illuminating the rear registration plate, must be wired so as to be lighted whenever the head lamps or auxiliary driving lamps are lighted.

The State asserts that the statutory requirement that the license plate be displayed "upon the rear of the vehicle" unambiguously means that the plate must go on the "hindmost part" of the vehicle.[5] The defendant counters that the placement of the license plate in the back window of his vehicle complied with the statute and that any ambiguities in the language within the statute should resolve in his favor. He argues that neither statute nor case law defines precisely the meaning of "rear of the vehicle."

Penal statutes should be construed strictly against the State and ambiguities should be resolved in favor of the accused.[6] At the same time, however, statutes should not be narrowed so much as to exclude cases they would fairly cover.[7] Also, we assume that the language in a statute was used intentionally and that every word should be given effect and meaning.[8] We seek to give a statute practical application by construing it in a way favoring public convenience and avoiding absurdity, hardship, and injustice.[9] And statutes concerning the same subject matter

---

[5] Br. of Appellee at 4 (citing WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993)).
[6] State v. Turner, 567 N.E.2d 783 (Ind. 1991).
[7] Cape v. State, 272 Ind. 609, 613, 400 N.E.2d 161, 164 (Ind. 1980).
[8] Pabey v. Pastrick, 816 N.E.2d 1138, 1148 (Ind. 2004).
[9] Id.

must be read together to harmonize and give effect to each.[10]

Significantly, the applicable statute requires the license plate to be placed "upon" the rear of the vehicle. Regardless of whether the back window qualifies as the "rear of the vehicle," the placement of a license plate on the *inside* of the back window clearly does not satisfy the requirement that license plates be displayed "*upon* the rear of the vehicle."[11]

Contrary to the defendant's assertion, the placement in the rear window is not authorized under Cash v. State,[12] which considered only the Section 26(b) requirements that a license plate be fastened securely and in a horizontal position. Despite the license plate being held by just one bolt, the court in Cash concluded that the fastening requirements were satisfied if the information contained on the plate was readily discernible.[13] Cash did not, however, address the statutory requirement in Section 26(a)(3) that the license plate be displayed "upon the rear of the vehicle."

We hold that the defendant's license plate inserted inside the back window of his automobile was not displayed appropriately, that the officer's stop was proper, and that the trial court did not err in admitting evidence resulting from the stop.

In order to prevent future uncertainty regarding the proper placement of vehicle license plates, we undertake to clarify the license plate display requirements in Indiana Code § 9-18-2-26 along with the license plate illumination requirements of Indiana Code § 9-19-6-4(e).[14] Together, these provisions require that the license plate be displayed upon the rear of the vehicle, securely fastened, in a horizontal position, and also be illuminated at night by a separate white

---

[10] Freeman v. State, 658 N.E.2d 68, 70 (Ind. 1995).

[11] Ind. Code § 9-18-2-26(a)(3) (emphasis added).

[12] Cash v. State, 593 N.E.2d 1267 (Ind. Ct. App. 1992).

[13] *Id*. at 1269.

[14] The statutes to which we refer here concern the display and illumination of license plates once a vehicle is permanently registered. We note that various temporary registration permits are also authorized in Indiana Code §§ 9-18-2-49, 9-18-26-10, 9-18-7-1, and 9-18-7-1.5. As to the last two, the statutes authorize the Bureau of Motor Vehicles to determine the manner in which the temporary registration permit should be displayed. Indiana Administrative Code title 140, rule 2-3-6 contains the one rule promulgated by the Bureau under its authority by these statutes. This rule provides that permits issued under Indiana Code § 9-18-7-1.5 shall be displayed in the same manner as a standard plate as set forth in Indiana Code § 9-18-2-26.

4

light so as to be clearly legible from fifty feet.

Federal Motor Vehicle Safety Standards issued by the National Highway Traffic Safety Administration[15] include Standard No. 108, which specifies requirements for lamps, reflective devices, and associated equipment.[16] Standard 108 provides that license plate lamps must be activated whenever parking lamps or headlamps are also activated.[17] The Standard also informs that lamps be white in color and that they illuminate a plate from the top or sides.[18] It is common knowledge that automobile manufacturers equip vehicles with a rear bracket such that a license plate fastened thereon will be illuminated accordingly. As a result, compliance with the Indiana statutory requirements concerning placement, secure attachment, illumination and legibility is obtained by proper mounting of the license plate upon the illuminated bracket provided by the vehicle manufacturer. Any other method of license plate display may serve as a basis for reasonable suspicion for law enforcement officers to make a traffic stop to ascertain whether the display fully complies with all statutory requirements. Display inside a back window does not satisfy these requirements.[19]

Because the display of the defendant's license plate in the rear window of his car did not satisfy the legal requirement that his plate be displayed upon the rear of his car, the officer was justified in stopping him. The trial court did not err in admitting evidence resulting from the traffic stop. We affirm the judgment of the trial court.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

---

[15] *See* 49 U.S.C. § 30111 (1997) (authorizing the United States Department of Transportation, which delegated its authority to the National Highway Traffic Safety Administration, to prescribe motor vehicle safety standards). *See also* Federal Motor Vehicle Safety Standards, 49 C.F.R. § 571.

[16] 49 C.F.R. § 571.108 (2004).

[17] *Id*.

[18] *Id*.

[19] The Court is cognizant of the fact that license plate brackets are not built into the absolute hindmost part of some vehicles. For example, some minivan or sport utility models may have back windows or other appendages (e.g. bumpers, tail lights, fenders, trailer hitches, spare tires, etc.) that extend the absolute rear of the vehicle beyond the license plate bracket. In light of the statutory illumination requirements and the National Highway Safety Act specifications, however, we conclude that mounting on the brackets provided by the vehicle manufacturer satisfies the Indiana "upon the rear" requirement.