RUCKER, J.,
dissenting.
As the majority correctly phrases the issue, "[the question before us is thus whether the defendant's placement of his temporary plate in the vehicle's back window amounted to a traffic infraction." Op. at 870. The majority says yes, reasoning *875 that the statute governing permanent metal plates applies to temporary plates as well. Ind.Code § 9-18-2-26.
The Legislature has authorized the Bureau of Motor Vehicles to promulgate rules for the placement of temporary plates, and the bureau has not done so. But this is not because the bureau necessarily intends that the rules for permanent license plates should apply. If that were so, then the bureau would have no reason to require ninety-day plates to be "displayed in the same manner as a standard license plate." 140 Ind. Admin. Code 2-3-6. Unlike temporary plates that are made of paper or cardboard, see Ind.Code § 9-18-2-49(a), ninety-day plates are "manufactured from the same material as a license plate issued under IC 9-18-2," Ind.Code § 9-18-7-1.5. By creating a rule for one type of plate, the bureau has left open the issue for other temporary plates.
At the very least the Motor Vehicle Statutes are ambiguous on the question of whether temporary paper tags should be displayed in the same manner as permanent metal plates. And "[pJlenal statutes should be construed strictly against the State and ambiguities should be resolved in favor of the accused." Merritt v. State, 829 N.E.2d 472, 475 (Ind.2005).
A drive down nearly any Indiana street on any given day will reveal Hoosier motorists applying old-fashioned common sense: attaching temporary paper tags to the inside of the back window in order protect them from deterioration by the elements. By today's decision the majority has transformed law-abiding citizens into traffic offenders. This is patently wrong in my view; therefore I dissent.