**Jeffrey YOUNG, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0709–CR–829.

Court of Appeals of Indiana.

May 27, 2008.

Patricia Caress McMath, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

MAY, Judge.

Jeffrey Young appeals his conviction of possession of cocaine, a Class D felony.[1] He argues the cocaine was seized in violation of the Fourth Amendment to the

---

1. Ind.Code § 35–48–4–6.

United States Constitution and Article 1, Section 11 of the Indiana Constitution. We reverse.

## FACTS AND PROCEDURAL HISTORY

On June 9, 2007, Officer Greg Milburn stopped a vehicle because he could not see its license plate. As Officer Milburn approached the vehicle, he saw a temporary license plate attached to the inside of the rear window. Officer Milburn approached the driver and asked for identification. The driver identified himself as Jeffrey Young. Officer Milburn discovered that Young's license was suspended and he had a prior conviction of driving while suspended. Officer Milburn arrested Young. While searching Young's vehicle in preparation for impoundment, Officer Milburn found cocaine.

At a bench trial, Young moved to suppress the evidence Officer Milburn obtained after he learned Young had a valid license plate. The trial court took the motion under advisement and allowed the State to introduce evidence pending the court's ruling. After the close of evidence, the trial court denied Young's motion to suppress and found him guilty of possession of cocaine.

## DISCUSSION AND DECISION

 The Fourth Amendment prohibits unreasonable searches and seizures. *Meredith v. State*, 878 N.E.2d 453, 455 (Ind.Ct.App.2007). A police officer may briefly detain someone whom the officer believes has committed an infraction. *State v. Harris*, 702 N.E.2d 722, 726 (Ind. Ct.App.1998). "Once the purpose of the traffic stop is completed, a motorist cannot be further detained unless something that occurred during the stop caused the officer to have a reasonable and articulable suspicion that criminal activity was afoot."

*United States v. Hill*, 195 F.3d 258, 264 (6th Cir.1999), *cert. denied* 528 U.S. 1176, 120 S.Ct. 1207, 145 L.Ed.2d 1110 (2000). "If the ... detention exceeds its proper investigative scope, the seized items must be excluded under the 'fruits of the poisonous tree doctrine.'" *Id.*

Young's case is strikingly similar to *Meredith*. Officer John Lackey saw Meredith had a temporary plate in the rear window of his vehicle, but he could not read the expiration date, so he stopped Meredith. As he approached Meredith's vehicle, Officer Lackey saw the temporary plate was still valid. However, he proceeded to the driver's door. Officer Lackey believed he smelled alcohol, so he asked Meredith to take a portable breath test. The test did not indicate Meredith had been drinking. Nevertheless, Officer Lackey sought permission to search the vehicle, and Meredith consented. Officer Lackey found cocaine. We held the evidence was inadmissible:

> ... [W]e conclude that once Officer Lackey had verified the valid expiration date on the temporary tag, and prior to any personal contact with Meredith, the objective purpose for the investigative detention had been satisfied. Thus, Officer Lackey was constitutionally barred from detaining Meredith any further.

*Meredith*, 878 N.E.2d at 456; *see also United States v. McSwain*, 29 F.3d 558 (10th Cir.1994) (evidence seized from vehicle was suppressed where officer confirmed driver's temporary registration sticker was valid as he approached the vehicle).

The State argues displaying the temporary plate inside the rear window, instead of outside on the rear of the vehicle, is an infraction. Ind.Code § 9–18–2–26 provides in relevant part:

> (a) License plates shall be displayed as follows:

(1) For a motorcycle, trailer, semi-trailer, or recreational vehicle, upon the rear of the vehicle.

(2) For a tractor or dump truck, upon the front of the vehicle.

(3) For every other vehicle, upon the rear of the vehicle.

(b) A license plate shall be securely fastened, in a horizontal position, to the vehicle for which the plate is issued:

(1) to prevent the license plate from swinging;

(2) at a height of at least twelve (12) inches from the ground, measuring from the bottom of the license plate;

(3) in a place and position that are clearly visible;

(4) maintained free from foreign materials and in a condition to be clearly legible; and

(5) not obstructed or obscured by tires, bumpers, accessories, or other opaque objects.

In *Merritt v. State,* 829 N.E.2d 472, 476 (Ind.2005), our Supreme Court held compliance with this statute "is obtained by proper mounting of the license plate upon the illuminated bracket provided by the vehicle manufacturer." In a footnote, the Court stated:

The statutes to which we refer here concern the display and illumination of license plates once a vehicle is permanently registered. We note that various temporary registration permits are also authorized in Indiana Code §§ 9–18–2–49, 9–18–26–10, 9–18–7–1, and 9–18–7–1.5. As to the last two, the statutes authorize the Bureau of Motor Vehicles to determine the manner in which the temporary registration permit should be displayed. Indiana Administrative Code title 140, rule 2–3–6 contains the one rule promulgated by the Bureau under its authority by these statutes. This rule provides that permits issued under Indiana Code § 9–18–7–1.5 shall be displayed in the same manner as a standard plate as set forth in Indiana Code § 9–18–2–26.

*Id.* at 476 n. 14.[2] Thus, the Supreme Court recognized the outcome may be different for temporary license plates.

None of these statutes explicitly require license plates to be displayed in the illuminated bracket rather than the rear window. The rationale provided by the Supreme Court for such a requirement does not apply with equal force to temporary plates, which typically are made of paper or cardboard. The Supreme Court noted, "It is common knowledge that automobile manufacturers equip vehicles with a rear bracket such that a license plate fastened thereon will be illuminated accordingly." *Id.* at 476. In light of statutory requirements that a license plate be displayed on the rear of the vehicle, securely fastened, illuminated at night, and clearly legible, the Court concluded permanent plates should be mounted in the brackets provided by the manufacturer.

A paper license plate, however, is difficult to fasten securely on the outside of a vehicle. *See* I.C. § 9–18–2–26(b) (license plate shall be securely fastened). It would also be difficult, if not impossible, to keep a paper license plate in a legible condition on

---

**2.** Although the Bureau of Motor Vehicles has, in fact, promulgated a rule requiring that temporary registration permits issued under Ind.Code § 9–18–7–1.5 (vehicles to be registered in a foreign country) shall be displayed in the same manner as a standard plate set forth in Ind.Code § 9–18–2–26, it does not appear that the BMV has promulgated rules for the other temporary plates. For example, there is no rule regarding the placement of an interim license plate from a dealer or manufacturer under Ind. § 9–18–26–10, which is at issue here.

the outside of the vehicle. *See* I.C. § 9–18–2–6(b)(4) (license plate must be clearly legible); *see also State v. Phillips*, 828 N.E.2d 441, 444 (Ind.Ct.App.2005) (Mathias, J., dissenting) ("... I do not believe we as a court should unilaterally outlaw what is clearly a common practice throughout the State: display of a paper-based temporary tag in the rear window of a vehicle in order to protect it from deterioration by the elements.... Indeed, such display appears to be Hoosier, common-sense compliance with the statute's core requirements to maintain the license plate ... in a condition to be clearly legible.")[3] In the absence of language to the contrary, we cannot say the legislature intended to punish the common and sensible practice of displaying a temporary license plate in the rear window.

Young did not commit an infraction by displaying his temporary license plate in the rear window, and the purpose of the traffic stop was satisfied when Officer Milburn determined Young had a valid license plate. The evidence seized thereafter was obtained in violation of the Fourth Amendment. *See Meredith*, 878 N.E.2d at 456.[4] Therefore, we reverse Young's conviction.

Reversed.

MATHIAS, J., and VAIDIK, J., concur.

---

3. The State argues *Phillips* supports its position. It does not. There, the temporary license plate displayed in the rear window was not legible even when the officer approached the vehicle. *English v. State*, 603 N.E.2d 161 (Ind.Ct.App.1992), *reh'g denied*, is also distinguishable. In that case, the temporary license plate had fallen out of the rear window, and therefore was not being displayed at all.

4. Because we conclude the evidence was seized in violation of the Fourth Amendment, we need not consider whether Article 1, Section 11 was violated.