ATTORNEY FOR APPELLANT
Patricia Caress McMath
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 49S02-0905-CR-252

JEFFREY YOUNG,                                    *Appellant (Defendant Below),*

v.

STATE OF INDIANA,                                *Appellee (Plaintiff Below).*

Appeal from the Marion Superior Court, No. 49G23-0706-FB-105813
The Honorable Patrick Murphy, Master Commissioner

On Transfer from the Indiana Court of Appeals, No. 49A02-0709-CR-829

**May 28, 2009**

**Dickson, Justice.**

Resolution of this appeal is determined by our holding today in <u>Meredith v. State</u>, ___
N.E.2d ___ (Ind. 2009), that it is legally insufficient to display a paper temporary license plate
inside the rear window of a motor vehicle. For this reason, we affirm the conviction of the
defendant, Jeffrey Young, for Possession of Cocaine, rejecting his claim of improper admission
of evidence resulting from an unlawful traffic stop.

One night in June 2007, Officer Greg Milburn stopped a vehicle because he could not see its license plate. As he approached the vehicle, he saw a paper temporary plate taped to the inside of the rear window. The vehicle's temporary vehicle plate was not found to be invalid, but after receiving the defendant driver's identification, Officer Milburn learned the defendant's license was suspended and that he had a prior conviction of driving while suspended, and he therefore arrested the defendant. While searching the defendant's vehicle in preparation for impoundment, Officer Milburn found cocaine. At a bench trial, the defendant moved to suppress the evidence obtained after the officer learned that the defendant's license plate was valid. The trial court took the motion under advisement and allowed the State to introduce evidence pending the court's ruling. After the close of evidence, the trial court denied Young's motion to suppress and found him guilty of possessing cocaine. The defendant appealed, claiming that the traffic stop violated the search and seizure clauses of both the federal and Indiana constitutions. The Court of Appeals reversed. Young v. State, 886 N.E.2d 636 (Ind. Ct. App. 2009). We granted transfer.

The defendant's constitutional claims rely upon his assertion that his vehicle was licensed and properly displaying the temporary license plate and thus the officer's traffic stop should have concluded as soon as the information on the plate was visible to the officer as he approached the rear of the vehicle. The officer's further investigation, according to the defendant, was devoid of reasonable suspicion and therefore subjected him to an unreasonable search and seizure.

In Meredith, we conclude that statutory requirements for the illumination and mounting of license plates on the rear of a vehicle apply to all license plates, whether temporary or permanent, and uphold as proper a traffic stop resulting from the improper display of a temporary license plate in the back window of a vehicle. ___ N.E.2d at ___. Upon the authority of Meredith, we find that because the defendant's temporary license plate was not illuminated and not mounted on the rear of the vehicle but rather was displayed inside the rear window, the officer had reasonable suspicion to initiate a traffic stop. We thus reject Young's claim that his conviction is based on erroneously admitted evidence resulting from an unconstitutional search or seizure.

2

We affirm the judgment of the trial court.

Shepard, C.J., and Sullivan and Boehm, JJ., concur.  Rucker, J., dissents with separate opinion.

**Rucker, J., dissenting.**

I respectfully dissent for the reasons expressed in my dissenting opinion in <u>Meredith v. State</u>, No. 89S04-0808-CR-430, ___ N.E.2d ___ (Ind. May 28, 2009) (Rucker, J., dissenting).