Dennis W. **TOOMEY, Jr.,** Appellant–
Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 29A05–0712–CR–719.

Court of Appeals of Indiana.

May 27, 2008.

Gregory L. Caldwell, Noblesville, IN, Attorney for Appellant.

1. Ind.Code § 35–48–4–1(a)(1).

2. Although the trial court ordered Toomey to serve six years "[e]xecuted ... as a direct commitment to the Hamilton County Community Corrections," the statute provides a court "may, at the time of sentencing, suspend the sentence and order a person to be placed in a community corrections program as an alter-

Steve Carter, Attorney General of Indiana, Jessica A. Meek, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Dennis Toomey, Jr., appeals the revocation of his placement in community corrections. He claims the court was without authority to revoke his commitment to home detention based on a violation of his commitment to work release. We affirm.

### FACTS AND PROCEDURAL HISTORY

Toomey pled guilty to dealing cocaine as a Class B felony.[1] On October 26, 2005, the court sentenced Toomey as follows:

> Six (6) years in the Department of Corrections [sic], Executed. Executed time to be served as a direct commitment to the Hamilton County Community Corrections Work Release Program for 3 years and home detention for 3 years.

(App. at 10.)[2] On July 18, 2007, Toomey violated his placement because he did not return to Community Corrections at the scheduled time and his whereabouts were unknown. The court then ordered Toomey "to serve the 6 year sentence in the Indiana Department of Corrections [sic]." (App. at 7.)

### DISCUSSION AND DECISION

Toomey argues his three-year sentence to work release and his three-year

native to commitment to the department of correction." Ind.Code § 35–38–2.6–3. *See also* Ind.Code § 35–38–2.6–4 ("If the court places a person in a community corrections program under this chapter, the court shall suspend the sentence for a fixed period to end not later than the date the suspended sentence expires.").

sentence to home detention were separate commitments, and thus the court was without authority to revoke both of them based only on his violation of the terms of work release. He notes there were no "terms" of his commitment to home detention, and asserts he therefore could not have violated any of those terms.

 To address Toomey's allegation of error, we must interpret Indiana's statutes creating community corrections. "Statutory interpretation is a question of law reviewed de novo." *In re Guardianship of E.N.*, 877 N.E.2d 795, 798 (Ind. 2007). We assign to words their "plain, ordinary, and usual meanings in everyday speech, unless the statute itself provides definitions to the contrary." *Smith v. State*, 867 N.E.2d 1286, 1288 (Ind.2007). We assume statutory language was used intentionally, and we attempt to give meaning and effect to every word. *Merritt v. State*, 829 N.E.2d 472, 475 (Ind. 2005). Where multiple statutes cover the same subject, we read those statutes together and try to harmonize and implement all of them, while "avoiding absurdity, hardship, and injustice." *Id.*

██ Community corrections is "a program consisting of residential and work release, electronic monitoring, day treatment, or day reporting...." Ind.Code § 35–38–2.6–2. Placement in community corrections is at the sole discretion of the trial court, *see* Ind.Code § 35–38–2.6–3(a) (court "may ... order a person to be placed in a community corrections program"); a defendant's placement there is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Million v. State*, 646 N.E.2d 998, 1001 (Ind.Ct.App. 1995). If a defendant violates the terms of his placement in community corrections, the court may:

(1) Change the terms of the placement.

(2) Continue the placement.

(3) Revoke the placement and commit the person to the department of correction for the remainder of the person's sentence.

Ind.Code § 35–38–2.6–5.

We disagree with Toomey's characterization of his sentence as "separate commitments" to work release and home detention. Each was to be coordinated by the Hamilton County Community Corrections program. *See* Appellant's Br. at 1 ("three years on work release in Hamilton County Community Correction [sic] and a commitment of three additional years on home detention under Hamilton County Community Corrections"); Ind.Code § 35–38–2.6–2 (program consists of "residential and work release, electronic monitoring, day treatment, or day reporting"). Accordingly, if Toomey violated the terms of his placement with community corrections, the court could revoke any remaining time with community corrections, *see* Ind.Code § 35–38–2.6–5, regardless which specific community corrections activity he was assigned to when the violation occurred.

Even if Toomey's work release and home detention were separate commitments, we would not find error in the revocation of Toomey's commitment to home detention prior to the commencement of that placement. In *Million*, we held:

There is no express language in the community corrections statute that limits the trial court's discretion to revoke placement only when a violation occurs during the period of placement. Thus, we construe the statute as permitting the trial court to revoke a defendant's placement in the community corrections program before he enters the community corrections phase of his sentence for that offense. Such authority is inherent in the trial court's discretion both to

order placement in the community corrections program and then to revoke the placement upon a violation of its terms. 646 N.E.2d at 1002.

 Although Toomey cited no authority to support a due process argument, and thereby waived such argument, we briefly address his assertion the court could not revoke his placement in home detention when he had no notice of the specific terms of home detention. "[T]he commission of a crime while serving time in the community corrections program is always grounds for revocation, even if the sentencing court fails to notify the person of such condition," because "persons in the program should know that they are not to commit additional crimes during their placement." *Decker v. State,* 704 N.E.2d 1101, 1103 (Ind.Ct.App.1999), *trans. dismissed* 714 N.E.2d 168 (Ind.1999). Hamilton County Community Corrections alleged Toomey failed to return at his scheduled time, leaving his whereabouts unknown. He was informed on entering Community Corrections that such a violation could subject him "to prosecution for the crime of escape under I.C. 35–44–3–5." (App. at 12.) Toomey admitted he failed to return to Community Corrections for four days; that violation was grounds for revocation of home detention, regardless whether he was told that commission of a crime would result in revocation of that privilege.

Affirmed.

MATHIAS, J., and VAIDIK, J., concur.