**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**ANGELA WARNER SIMS**
Hulse, Lacey, Hardacre, Austin, & Sims, P.C.
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 24 2012, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HAROLD W. REYNOLDS, | ) | |
| | ) | |
| Appellant- Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1109-CR-468 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee- Plaintiff, | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable David A. Happe, Judge
Cause No. 48D04-1004-FD-139

April 24, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Harold Reynolds was sentenced to thirty-six months in the Indiana Department of Correction ("DOC"), suspended but for twenty-four months to be served on work release, for a conviction of invasion of privacy, a Class D felony. Upon petition by the State alleging Reynolds had violated the rules and regulations of work release, his work release was terminated and he was ordered to serve the balance of the twenty-four months in DOC, with the remaining twelve months of his sentence suspended to probation. Reynolds appeals the sanction imposed by the trial court, arguing the trial court abused its discretion in revoking the entire twenty-four months. Concluding the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

In April 2010, due to an incident with a former girlfriend who had a protective order against Reynolds, he was charged with invasion of privacy as a Class A misdemeanor and invasion of privacy enhanced to a Class D felony because of a prior conviction. In June 2010, Reynolds entered a plea of guilty to the Class D felony charge. Pursuant to the plea agreement, the Class A misdemeanor charge was dismissed and Reynolds was sentenced to thirty-six months, "stayed pending [Reynolds's] successful graduation from the Madison County Mental Health Court Program," in which case the judgment and sentence were to be vacated and the case dismissed. Appellant's Appendix at 69. In August 2010, the trial court received a status report from the Mental Health Court indicating that Reynolds's "participation in Mental Health Court is rejected due to his criminal history and the local treatment providers not being able to provide services to . . . him." Id. at 66.

2

In October 2010, at a hearing regarding the previously-stayed sentence, the conviction and sentence previously entered were vacated and the parties submitted a new plea agreement pursuant to which Reynolds again entered a plea of guilty to the Class D felony charge of invasion of privacy, the Class A misdemeanor charge was dismissed, and he was sentenced to thirty-six months. Twenty-four months of the sentence were to be served through the Madison County Work Release Facility and the remainder was suspended to probation.

In July 2011, the State filed a petition to terminate work release, alleging sixteen violations of work release rules and regulations, spanning from March 2011 to July 2011. After an evidentiary hearing, the trial court found Reynolds had committed the following violations:

> a) On 3/6/2011 [Reynolds] received a conduct report for unknown whereabouts and lying to an officer. . . .
> * * *
> d) On 6/13/2011 [Reynolds] received a conduct report for contraband (cell phone). . . .
> * * *
> i) On 6/30/2011 [Reynolds] received a conduct report for turning in an improper work verification. . . .
> * * *
> l) On 7/9/2011 [Reynolds] received a conduct report for failure to turn in a paycheck stub. . . .
> m) On 7/13/2011 [Reynolds] received a conduct report for failure to turn in a paycheck stub. . . .
> * * *
> p) [Reynolds] is in arrears on his Work Release fees. The amount of the arrearage is $189.74. . . .

Id. at 31 (quoting from petition to terminate work release privilege); see also id. at 11 (trial court order finding violations). The trial court imposed the following sanction:

> the balance of [Reynolds's] work release privilege is terminated (730 days) and ordered executed in the Department of Correction. [Reynolds] is given

3

credit and goodtime credit of 224 days, leaving a balance to serve of 506 days. Upon completion, [Reynolds] to return to complete the 12-month suspended sentenc[e] to probation.

Id. at 11. Reynolds now appeals the sanction.

## Discussion and Decision

Work release is a form of community corrections, which, like probation, serves as an alternative to placement in the Department of Correction. McQueen v. State, 862 N.E.2d 1237, 1242 (Ind. Ct. App. 2007); see Ind. Code § 35-38-2.6-2 (defining community corrections). We therefore review an appeal from the revocation of a community corrections placement as we do an appeal from the revocation of probation. Id. Alternative placements are at the sole discretion of the trial court. Toomey v. State, 887 N.E.2d 122, 124 (Ind. Ct. App. 2008). If a defendant violates the terms of his placement, the trial court may change the terms of the placement, continue the placement, or revoke the placement and commit the person to DOC for the remainder of the person's sentence. Ind. Code § 35-38-2.6-5.

Reynolds phrases his argument regarding the sanction imposed in terms of Appellate Rule 7(B) review, contending the "nature of the violations and his character do not support a revocation of twenty-four (24) months." Brief of the Appellant at 4. However, Rule 7(B) is not the correct standard to apply when reviewing a trial court's revocation decision because "[a] trial court's action in a post-sentence probation violation proceeding is not a criminal sentence as contemplated by the rule." Jones v. State, 885 N.E.2d 1286, 1290 (Ind. 2008). Rather, sanctions are subject to review for an abuse of discretion. Id. An abuse of discretion occurs when the trial court's decision is clearly

4

against the logic and effect of the facts and circumstances before the court. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007).

The State alleged Reynolds violated sixteen rules and regulations of his work release placement between March and July 2011, with most violations occurring in June and July. At an evidentiary hearing, the Community Justice Center's court liason, Katy Stapleton, testified that it was the work release program's belief that, due to the number and repetitive nature of his violations, Reynolds "has reached maximum benefit of community corrections." Transcript at 7. At the conclusion of the evidence, the trial court made the following observation: "I'll say that the record is less than clear that there were violations on all these things that are alleged. . . . But I think clearly even from your own testimony, Mr. Reynolds, there's no doubt that there are multiple violations here." Id. at 50. The trial court then found the State had proved Reynolds had committed six of the alleged violations, including being absent from the facility for approximately two hours without the facility knowing his whereabouts, lying to an officer, and having contraband. The trial court acknowledged to Reynolds that "[i]t sounds like your life has stabilized in some aspects and [you're] holding down good employment." Id. at 52. Nonetheless, the trial court also noted that, although no one likes living in a situation where other people tell you what you can and cannot do and watch everything you do to see if you are complying, it is a consequence of committing a crime, and "if you can't adjust to that and live by those rules, you can't stay there." Id. at 53. Ultimately, the trial court determined that the violations "are serious enough breeches [sic] of the order and rule [sic] at the work release facility and . . . it's not reasonable to send you back there." Id.

The work release program staff believed Reynolds was not benefitting from their efforts to assist him through the rehabilitative process because in a relatively short period of time, Reynolds was absent from the work release facility without permission for over two hours, repeatedly failed to abide by the simple term of work release that he turn in his paystubs, and had possession of a cellphone which he acknowledged he knew he could not have. See Tr. at 24. The trial court noted that Reynolds's improved demeanor made "this kind of a difficult call," id. at 50, but determined the violations were frequent enough and serious enough that it could not justify extending further benefit to Reynolds by continuing his community corrections placement. Under these circumstances, the trial court did not abuse its discretion in revoking Reynolds's commitment to community corrections and ordering him to serve the remainder of his sentence in DOC.

## Conclusion

The trial court did not abuse its discretion in revoking Reynolds's work release placement and ordering him to serve the remainder of his sentence in DOC due to multiple violations of his placement. The judgment of the trial court is affirmed.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.

6