**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**WILLIAM S. FRANKEL, IV**
Wilkinson, Goeller, Modesitt, Wilkinson &
Drummy, LLP
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| REUBAN L. STRONG, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1205-CR-235 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1102-FB-653

**January 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Reuban L. Strong, Jr., appeals the revocation of his placement in work release. Because the evidence was sufficient to support the trial court's decision, we affirm.

## FACTS AND PROCEDURAL HISTORY

The State charged Strong with Class B felony aggravated battery,[1] Class B felony armed robbery,[2] Class C felony battery resulting in serious bodily injury,[3] and Class A misdemeanor interference with reporting a crime.[4] Strong pled guilty to aggravated battery and battery resulting in serious bodily injury, and the State dismissed the other two counts. The court pronounced a sixteen-year sentence, with Strong to serve six years on work release and ten years on formal probation.

Approximately seven months later, the State filed a petition to revoke Strong's placement in work release because he was over one thousand dollars in arrears on work-release fees, had violated a work release rule by possessing tobacco and a lighter, had refused a direct order to clean the dorm, and had "other conduct issues within the Work Release Facility." (Appellant's App. at 12.) As evidence of "other conduct issues," the State attached a list of Strong's violations of work release rules: twice possessing tobacco, twice refusing a direct order from staff, twice failing to maintain hygiene standards, once failing to keep a locker locked, and once being verbally abusive to staff. (*Id*. at 14.)

At the revocation hearing, the court heard testimony from Strong and his work release

---

[1] Ind. Code § 35-42-2-1.5.
[2] Ind. Code § 35-42-5-1(2).
[3] Ind. Code § 35-42-2-1(3).
[4] Ind. Code § 35-45-2-5(1).

supervisor, Cindy Winkle. Strong was eleven weeks behind in paying his fees for the work release program. Winkle testified he

> had secured employment at a local restaurant, and his first check from that restaurant was not a good check. He tried to cash it and it was not sufficient funds to cash that check. So at that point, I would say that one was on the employer. After that initial check, I did not see any other checks from Mr. Strong . . . .

(Tr. at 6.) In addition, she testified: "He and I had a conversation and he had an obligation. He needed to get a car fixed for, for his child's transportation, and other things just were more important to him than paying his fees." (*Id.* at 15.)

Winkle also testified about Strong's rule violations, as had been listed in the Exhibit attached to the petition to revoke his placement. When Winkle was asked about Strong's attitude and willingness to comply with the conditions of the work-release program, she testified:

> Strong is a very strong-willed person, and he understands the rules; he doesn't agree with numerous of the rules and pretty much is going to do what he wants to do initially. He struggles in the work release setting. He is someone who, I, I do believe tries, but just struggles in that environment.

(*Id*. at 13.)

The court found Strong "violated the terms of his direct commitment to the Work Release Program," (Appellant's App. at 9), and ordered him to spend the remainder of the executed portion of his sentence in the Department of Correction.

**DISCUSSION AND DECISION**

Work release is a community corrections program. Ind. Code § 35-38-2.6-2.

3

Placement in such programs is at the sole discretion of the trial court, *see* Ind. Code § 35-38-2.6-3(a) (court "may order" placement in a community corrections program), and is a "conditional liberty" and "a favor, not a right." *Toomey v. State*, 887 N.E.2d 122, 124 (Ind. Ct. App. 2008). If a person violates the terms of a community corrections placement, then the court may revoke the placement and return the person to the Department of Correction. Ind. Code § 35-38-2.6-5(3).

> Our standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation.

*Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999), *reh'g denied*.

Strong alleges the court revoked his placement based only on his inability to pay, which is impermissible. Strong is correct such a revocation would be impermissible. *See Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008) ("failure to pay a probation user fee where the probationer has no ability to pay certainly cannot result in a probation revocation"). But that is not what happened to Strong.

At the end of the revocation hearing, the court stated it had "little choice" but to revoke. (Tr. at 27.) The court did not make explicit findings justifying revocation, but it noted that not only was Strong behind in paying his fees, but also work release "had issues with [Strong] adjusting to being over there." (*Id.*) As the court apparently relied in part on

4

Strong's failure to adjust and follow the rules of community corrections, Strong's failure to pay his fees was not the only ground for revocation.

Moreover, there apparently were times Strong was able, but unwilling, to pay his work release fees. Winkle testified: "[Strong] and I had a conversation and he had an obligation. He needed to get a car fixed for, for his child's transportation, and other things just were more important to him than paying his fees." (*Id.* at 15.) Winkle's testimony provided sufficient evidence to justify revoking Strong's placement in community corrections. *See Cox*, 706 N.E.2d at 552 (reliable hearsay regarding violation of condition of community corrections placement was sufficient to support revocation).

Affirmed.

ROBB, C.J., and PYLE, J., concur.