Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jun 18 2014, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BRUCE L. TRUETT, | ) |
| | ) |
| Appellant- Defendant, | ) |
| | ) |
| vs. | ) |
| | ) No. 49A02-1311-CR-926 |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee- Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark Stoner, Judge
Cause Nos. 49G06-1105-FD-31212, 49G06-1106-FD-38900, 49G06-1207-FC-51223,
49G06-1301-FC-5427

**June 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Bruce L. Truett appeals the trial court's order revoking his placement in community corrections and sentencing him to the Indiana Department of Correction ("DOC") to serve three of his six years. Truett contends that the trial court abused its discretion in doing so. Concluding that the trial court did not abuse its discretion, we affirm.

**Facts and Procedural History**

In June 2012, Truett pled guilty to two counts of class D felony operating a vehicle while a habitual traffic offender under cause numbers 49G06-1105-FD-31212 ("FD-31212") and 49G06-1106-FD-38900 ("FD-38900"). The trial court ordered Truett to serve consecutive 365-day sentences on home detention. In January 2013, Truett pled guilty to class C felony operating a vehicle after license forfeited for life under cause number 49G06-1207-FC-51223 ("FC-51223"). The court ordered Truett to serve a two-year sentence on home detention consecutive to the sentences in FD-31212 and FD-38900.

In May 2013, Truett admitted that he violated the conditions of his home detention under cause numbers FD-31212 and FD-38900. The trial court modified Truett's placement from home detention to the work release component of community corrections. Truett also pled guilty to class C felony operating a vehicle after license forfeited for life under cause number 49G06-1301-FC-5427 ("FC-5427"). The trial court sentenced Truett to two years on work release consecutive to his sentences in FD-31212, FD-38900, and FC-51223.

In September 2013, the State filed notices of violation in all four cases alleging that Truett violated the conditions of his placement by failing to return to the Duvall Residential Center ("Center"). The notices alleged that on July 9, 2013, Truett left the Center on an emergency medical pass. On July 10, 2013, the Center received notice that Truett was discharged at 12:14 a.m. on July 10, 2013. As of 3:40 a.m., Truett still had not returned to the Center. The Center's policy states that a resident who does not return two hours after their scheduled time is designated a "failure to return." App. 193. All attempts to contact Truett were unsuccessful until he was arrested at his brother's house on new charges on August 7, 2013.

At a hearing held in October 2013, Truett stated that he "got into it" with a person from the Center while he was at the hospital. Tr. at 7. He also stated that the person threatened him and that he did not want to go back to the Center because he was "scared for his life." *Id*. However, when questioned by the trial court, he could not provide a name for the person who threatened him. Truett admitted that he violated the conditions of his placement by failing to timely return to the Center.

The trial court revoked Truett's community corrections placement and ordered him to serve three of his six years in the DOC, with the remainder to be served in a work release program. Truett now appeals.

**Discussion and Decision**

Placement in community corrections is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Toomey v. State*, 887 N.E.2d 122, 124 (Ind. Ct. App. 2008)

3

(quoting *Million v. State,* 646 N.E.2d 998, 1001 (Ind. Ct. App. 1995)). "Both probation and community corrections programs serve as alternatives to commitment to the DOC and both are made at the sole discretion of the trial court." *Holmes v. State*, 923 N.E.2d 479, 482 (Ind. Ct. App. 2010). Indiana Code Section 35-38-2.6-5 governs violations of community correction placements and reads as follows:

> If a person who is placed under this chapter violates the terms of the placement, the court may, after a hearing, do any of the following:
> (1) Change the terms of the placement.
> (2) Continue the placement.
> (3) *Revoke the placement and commit the person to the department of correction for the remainder of the person's sentence.*

(Emphasis added.) When reviewing the trial court's decision to revoke placement, we use an abuse of discretion standard. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* A single violation is sufficient to warrant revocation. *Hubbard v. State*, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997).

Truett argues that the trial court abused its discretion when it revoked his community corrections placement. Here, Truett admitted to violating the conditions of his placement by leaving the Center and not returning. He states that he was fearful after a confrontation at the hospital with another man from his facility. We find Truett's argument unpersuasive.

In *Toomey*, the court held that the defendant's failure to return to community corrections for four days after his scheduled return time was sufficient for revocation of his placement in community corrections. 887 N.E.2d at 125. In the present case, Truett failed to return for over thirty days. Moreover, we note that Truett also violated the conditions of his

4

home detention.  Based on the foregoing, we find no abuse of discretion in the trial court's revocation of Truett's community corrections placement.  We affirm.

Affirmed.

BAKER, J., and BARNES, J., concur.