## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 05 2019, 9:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Patrick Magrath
Matthew T. Bates
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Willie M. Taggett, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 5, 2019 <br><br> Court of Appeals Case No. 18A-CR-3048 <br><br> Appeal from the Ripley Superior Court <br><br> The Honorable Jeffrey Sharp, Judge <br><br> Trial Court Cause No. 69D01-1805-F6-118 |

**Altice, Judge.**

### Case Summary

[1] Willie Taggett argues that the trial court abused its discretion when it revoked his home detention and ordered him to execute 400 days of his sentence at the Department of Correction (DOC).

[2] We affirm.

## Facts & Procedural History

[3] On May 30, 2018, Taggett pled guilty to Level 6 felony possession of methamphetamine and Level 6 felony possession of a legend drug.[1] In accordance with the terms of the plea agreement, the trial court sentenced Taggett to consecutive terms of 730 days, all suspended to probation. On July 6, 2018, the State filed a petition for probation violation alleging that Taggett twice tested positive for methamphetamine and failed to appear at a meeting that was a required condition of his probation. At a July 12, 2018 hearing, Taggett admitted to these violations, and the trial court revoked 730 days of his probation and ordered him to serve 728[2] days on home detention.

[4] On October 3, 2018, the State filed a petition for home detention violation. The State filed an amended petition on October 16, 2018, in which it alleged that Taggett violated the terms of home detention by testing positive for methamphetamine three times over a five-day period and by failing to pay

---

[1] In exchange for his guilty plea, the State agreed to dismiss three other drug-related offenses.

[2] Taggett spent one day in jail after his arrest on the probation violation. The trial court therefore awarded him "[c]redit for one actual, two with good time." *Transcript* at 20.

required fees, accruing an arrearage of over $1000. At a hearing on October 17, 2018, Taggett admitted to these violations, and the trial court ordered him to serve 400 days of his previously suspended sentence at the DOC.

[5] Taggett filed a letter with the trial court on November 9, 2018, in which he stated that the purpose of his letter was "to appeal the courts [sic] decision to put [him] in jail for 6 months" and that he wanted the court "to reconsider" its decision. *Appellant's Appendix Vol. 2* at 53, 54. The trial court scheduled a hearing for November 21, 2018, to discuss the nature of Taggett's letter. After questioning Taggett, the trial court treated the letter as a motion for sentence modification and denied Taggett's request for relief. Taggett informed the court that he wished to "appeal the sentence in this matter," so the court appointed counsel for purposes of perfecting an appeal. *Transcript Vol. II* at 51.

[6] Taggett filed his notice of appeal with this court on December 19, 2018. The State filed a motion to dismiss the appeal as untimely because it was not filed within 30 days of the court's October 17, 2018 order. In an order dated April 29, 2019, this court denied the State's motion to dismiss, finding that because Taggett asked the trial court to reconsider its October 17 ruling in his November 9 letter, such letter should be treated as a motion to correct error, which tolled the time for filing a notice of appeal. As such, the motions panel concluded

that Taggett's notice of appeal was timely filed.[3]  Additional facts will be provided as necessary.

## Discussion & Decision

[7]    Placement on probation or in a community corrections program is a matter of grace and not a right.  *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999); *Treece v. State*, 10 N.E.3d 52, 56 (Ind. Ct. App. 2014), *trans. denied*.  If a defendant violates the terms of his placement in community corrections, the court may, at the request of the community corrections director, revoke the placement and commit the person to the DOC for the remainder of the person's sentence.  Ind. Code § 35-38-2.6-5; *see also Toomey v. State*, 887 N.E.2d 122, 124 (Ind. Ct. App. 2008).  We review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion.  *Sanders v. State*, 825 N.E.2d 952, 957 (Ind. Ct. App. 2005), *trans. denied*.  We consider only the evidence most favorable to the judgment and do not reweigh the evidence or judge the credibility of the witnesses.  *Id*. at 954-55.

---

[3] The State filed a cross-appeal arguing that Taggett's appeal is untimely and therefore, not properly before us.  It is true that a writing panel has "the inherent authority" to reconsider decisions of the motions panel while an appeal remains pending.  *Haggerty v. Anonymous Party 1*, 998 N.E.2d 286, 293 (Ind. Ct. App. 2013).  We, however, are reluctant to overrule a motions panel decision unless a more complete record "reveals clear authority establishing that our motions panel erred."  *Id*.  Having reviewed the record herein, we find no reason to overrule the motion panel's determination that Taggett's letter to the court was to be treated as a motion to correct error that tolled the period in which Taggett had to file his notice of appeal.  *See* Ind. Appellate Rule 9(A)(1) (stating that "if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion is noted in the Chronological Case Summary").  Taggett's appeal is properly before us.

[8]  Taggett admitted to violating the terms of his placement on home detention by testing positive for methamphetamine three times over the course of five days. He also admitted that he was in arrears on his payments for court-ordered fees in an amount exceeding $1000. In arguing that the trial court abused its discretion in revoking his placement on home detention and ordering that he serve 400 days at the DOC, Taggett notes that he admitted to his violations. He also claims that his violations were "substantially related to his mental health issues and his difficult circumstances providing for his mother" and that he has taken "affirmative steps to deal with his issues and turn his life around." *Appellant's Brief* at 8.

[9]  Taggett is essentially requesting this court to reweigh the evidence, which we will not do. *See Sanders v. State*, 825 N.E.2d at 954-55. In the five months since the original sentence was imposed, this is the second time Taggett has been brought before the court to answer for his violation of the terms of his placement. The trial court placed Taggett on home detention after he admitted to violating the terms of probation by using methamphetamine. Less than three months later, Taggett violated the terms of home detention by again using methamphetamine. Specifically, he tested positive for methamphetamine three times during a five-day period from October 1, 2018 to October 5, 2018. Each time he submitted a positive drug screen, Taggett denied his drug use. Taggett's

violations in this regard[4] are significant and evince a clear pattern of drug use that Taggett has taken no meaningful steps to stop. The court afforded Taggett leniency following his first violation and was not required to exercise further leniency after Taggett violated the terms of his placement a second time. The trial court did not abuse its discretion in revoking Taggett's placement on home detention and ordering Taggett to serve 400 days at the DOC.

[10] Judgment affirmed.

Tavitas, J, concurs.

Brown, J., concurs in result without opinion.

---

[4] In revoking Taggett's community corrections placement, the trial court focused on Taggett's positive drug screens and did not reference his arrearage for fees.