## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 05 2020, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Blake A. Johnson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 5, 2020

Court of Appeals Case No.
19A-CR-2108

Appeal from the Jefferson Superior Court

The Honorable Michael J. Hensley, Judge

Trial Court Cause No.
39D01-1605-F3-490

**Najam, Judge.**

## Statement of the Case

Blake A. Johnson appeals his sentence following the court's revocation of his placement on community corrections. Johnson presents a single issue for our review, namely, whether the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentence in the Department of Correction.

We affirm.

## Facts and Procedural History

On June 6, 2018, Johnson pleaded guilty to conspiracy to commit dealing in methamphetamine, as a Level 5 felony. In exchange for his guilty plea, the State agreed to dismiss several remaining charges. After a hearing, the trial court accepted Johnson's guilty plea and sentenced him to six years, with three years and three months suspended to community corrections.

Following his placement on community corrections, Johnson resided in the Jefferson House. Johnson lived there until September 13, 2018, when the Jefferson House released him from the program due to a "gross curfew violation," which was "not the only time" that Johnson had violated his curfew. Appellant's App. Vol. II at 105.

On October 18, Bobbi Roberts, Johnson's girlfriend, reported to Officer Chad Wehner with the Madison Police Department that Johnson had "repeatedly" choked her until she "black[ed] out" and that Johnson had "hit [her] in the

face." Ex. at 88. Roberts also reported to Officer Wehner that Johnson had put "zip ties on [her] hands." *Id*. at 90. Based on those allegations, the State charged Johnson with criminal confinement, as a Level 5 felony; intimidation, as a Level 6 felony; domestic battery, as a Level 6 felony; and strangulation, as a Level 6 felony.

[6] Thereafter, on April 3, 2019, the State filed an amended petition to revoke Johnson's placement on community corrections. In that petition, the State alleged that Johnson had violated conditions of his placement when he was charged with various offenses based on Robert's allegations. The State also alleged that Johnson had violated the terms of his placement when he visited unauthorized locations on four occasions without permission. In addition, the State alleged that Johnson had been arrested and charged with battery, as a Level 5 felony, based on allegations that he had kicked another inmate.

[7] The trial court held a fact-finding hearing on the State's petition on April 24. At the hearing, the State presented the testimony of Leah Pruitt, Johnson's community corrections case manager. Pruitt testified that Johnson had been in unauthorized locations on four occasions between August 17 and October 16, 2018, which included the violation on September 13 that led to his release from the Jefferson House. The State also presented the testimony of Officer Wehner. Officer Wehner testified that, following Robert's report of domestic violence, he observed injuries on Roberts that were consistent with her allegation that Johnson had choked her.

[8] Andrew Garcia, the Assistant Jail Commander at the Jefferson County Jail also testified. Assistant Commander Garcia testified that on February 26, 2019, Johnson and other inmates "kicked or stomped" another inmate of the jail. Tr. at 60. He also testified that security footage did not clearly show Johnson striking the victim, but the video showed that Johnson had "lifted his leg" and "shifted in position" while the victim was on the ground. *Id.* at 63.

[9] At the end of the fact-finding hearing, the trial court found by a preponderance of the evidence that Johnson had battered Rogers, that he had been in unauthorized locations, and that he had battered the inmate. Accordingly, the trial court found that Johnson had violated the terms of his probation. Following a hearing, the court revoked Johnson's placement on community corrections and ordered him to serve the balance of his previously suspended sentence in the Department of Correction. This appeal ensued.

## Discussion and Decision

[10] Johnson appeals the trial court's order that he serve the balance of his previously suspended sentence. We begin by noting that placement in community corrections is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Toomey v. State*, 887 N.E.2d 122, 124 (Ind. Ct. App. 2008). Further, "[b]oth probation and community corrections programs serve as alternatives to commitment in the DOC and both are made at the sole discretion of the trial court." *Holmes v. State*, 923 N.E.2d 479, 482 (Ind. Ct. App. 2010).

[11] This Court treats a petition to revoke placement in a community corrections program the same as a petition to revoke probation. *See Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). Upon finding that a defendant violated the terms of his placement, the trial court may do any of the following: change the terms of placement, continue the placement, reassign the person to a different community corrections program, or revoke the person's placement and commit him to the department of correction for the remainder of his sentence. Ind. Code § 35-38-2.6-5 (2019). We review a trial court's decision to revoke a defendant's placement on community corrections for an abuse of discretion. *See Morgan v. State*, 87 N.E.3d 506, 5111 (Ind. Ct. App. 2017). An abuse of discretion occurs when the decision is clearly against the logic and effects of the facts and circumstances before the court. *See id*.

[12] Here, Johnson does not dispute that he violated the terms of his placement. Rather, he asserts that the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentence because he "was no longer living a life of drug addiction," and because he "was helping other drug addicts get clean and maintain sobriety[.]" Appellant's Br. at 9, 10. In essence, Johnson maintains that, given his progress, the trial court should have "returned him to the community corrections program." *Id*. at 10.

[13] But we cannot say that the trial court abused its discretion when it ordered Johnson to serve the balance of his sentence in the Department of Correction. Johnson violated the terms of his placement when he battered his girlfriend and when he participated in the battery of another inmate. And Johnson violated

the terms of his placement when he was in unauthorized locations on several occasions.[1] Those violations are sufficient to support the revocation of his placement on community corrections.

[14] Further, Johnson has a lengthy criminal history, and he has been given multiple opportunities in the past to avoid incarceration through alternative sentences. However, Johnson has had those alternative sentences revoked on several occasions. While Johnson's efforts to overcome his substance abuse are laudable, the court's order that he serve the remainder of his previously suspended sentence is supported by the record and was well within the trial court's discretion. We affirm the court's judgment.

[15] Affirmed.

Vaidik, J., and Tavitas, J., concur.

---

[1] Johnson contends that the trial court did not find that he had been in unauthorized places. However, at the end of the fact-finding hearing, the court specifically found by a preponderance of the evidence that Johnson "in fact violated his terms of probation by being in authorized locations when he was on direct commit[.]" Tr. at 67.