## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 13 2020, 9:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Devon M. Sharpe
Jenner & Pattison
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Scrogham,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 13, 2020

Court of Appeals Case No.
19A-CR-2692

Appeal from the Jefferson Circuit Court

The Honorable Eugene Stewart, Senior Judge

Trial Court Cause No.
39C01-1106-FB-510

**Brown, Judge.**

[1] Robert Scrogham appeals the revocation of his placement in community corrections. We affirm.

## Facts and Procedural History

[2] In December 2011, Scrogham pled guilty to dealing in methamphetamine as a class B felony, and in February 2012 the trial court sentenced him to ten years and ordered him to serve six years at the Department of Correction ("DOC") and four years in the Jefferson County Community Corrections Program subject to the program's conditions.

[3] On April 15, 2019, Scrogham's community corrections case manager filed a petition to revoke stating Scrogham was released from the DOC on January 27, 2016, and alleging he admitted to using Tramadol in July 2018 and methamphetamine in December 2018 and failed to (a) report to office appointments on seven dates, and (b) call the random drug screen line as directed and report for random drug screens on numerous occasions. It also alleged that he signed a therapeutic adjustment due to his use of Tramadol, pursuant to which he "was to start Moral Reconation Therapy (MRT)," and an administrative agreement for failing to attend appointments and admitting to methamphetamine use, and that he was not in compliance with those agreements. Appellant's Appendix Volume II at 145. On July 15, 2019, the court issued an order stating it held a hearing and Scrogham "admitted to violating the terms of his supervision by failing to report, by failing drug screens, and by failing to pay fees." *Id*. at 158.

[4] On August 5, 2019, the court held a hearing at which Scrogham's community corrections case manager testified "we've tried to do MRT a couple times," "I tried to do it one-on-one with him just to make it easier for him," "[t]hat didn't work out," he "didn't bring his books, stuff like that, so I ended up having to make him do it in a group." Transcript Volume II at 5. The case manager also testified "[h]e didn't go to that, and he had tried to MRT in the past as well, as well as some other treatment interventions, and since he's been on with us I don't think any of those have been successful," "[s]o at this point I feel like we've kind of exhausted our efforts on what we can do as far as his treatment intervention, that type of thing," and "I just don't think there's really any options on our program." Id.

[5] Scrogham testified he worked for a tree service and his employment was still available to him, and he submitted a letter from his employer which stated he was a dependable and valuable employee. He indicated he had a substance abuse problem and that there were no pending charges against him. He stated he was clean when he was released from prison. When asked how he ended up backsliding and using again, Scrogham replied: "Man, I get out and meth is cheaper and more plentiful now, man. I mean before you had to make it to get it. Now it's everywhere, and that's the God honest truth." Id. at 17. He indicated he relapsed on methamphetamine. When asked "they tried to get you into what's called the MRT program," he testified "that's exactly right," "[m]an, but I tell you what, between being strung out and working like – working all day, man, it was hard making the classes at the time," and "I didn't

. . . have no vehicle to make it just right on time, and getting a ride was pretty substantial at times and – but mostly it was because I was too tired to go to them." *Id.* He testified that, while incarcerated, he was the victim of a crime when four inmates beat him, and that he was a trustee while in the jail and cooked, cleaned, washed dishes, and served food. When asked what steps he would take to avoid relapsing in the future, he answered "[w]ork harder and eat more." *Id.* at 20. He also indicated he would obtain substance abuse treatment.

[6] The court ordered that Scrogham serve the remainder of his sentence in the DOC. The order also states: "The Court recommends [Scrogham] be evaluated for Recovery While Incarcerated. Upon successful completion of the clinically appropriate substance abuse treatment program as determined by the [DOC], the Court will consider a modification to this sentence." Appellant's Appendix Volume II at 163.

## *Discussion*

[7] Scrogham asserts he took responsibility for his violations and understands his substance abuse must be addressed. He argues he was employed and is able to return to work, he illustrated his willingness to be productive by being a trustee at the jail, he could receive no benefit by placement in the DOC, the sanction is extreme and does not comport with his violations, and home detention or electronic monitoring would have sufficed to ensure his continued compliance with the community corrections program.

[8] We treat a hearing on a petition to revoke placement in a community corrections program the same as we do a hearing on a petition to revoke probation. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999), *reh'g denied*. We consider the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. *Id.* at 551. If there is substantial evidence of probative value to support the trial court's conclusion, we will affirm its decision. *Id.* Placement in community corrections is at the sole discretion of the trial court. *Toomey v. State*, 887 N.E.2d 122, 124 (Ind. Ct. App. 2008). A defendant's placement there is a matter of grace and a conditional liberty that is a favor, not a right. *Id*.

[9] The record reveals that Scrogham was released from the DOC in January 2016, was clean at the time of his release, and relapsed on methamphetamine. His case manager testified he did not complete MRT one-on-one or in a group, none of the treatment interventions were successful, and he had exhausted his options on the program. The trial court's order placing him at the DOC recommends that he be evaluated for Recovery While Incarcerated and states that, upon successful completion of a substance abuse treatment program, the court will consider a sentence modification. Based upon the record, we conclude that substantial evidence of probative value supports the trial court's conclusion and affirm the order.

[10] Affirmed.

Najam, J., and Kirsch, J., concur.