## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 27 2020, 8:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bradley L. Stout, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 27, 2020<br><br>Court of Appeals Case No.<br>20A-CR-954<br><br>Appeal from the Vigo Superior<br>Court<br><br>The Honorable John T. Roach,<br>Judge<br><br>Trial Court Cause No.<br>84D01-1305-FC-1574 |

**Najam, Judge.**

## Statement of the Case

[1]     Bradley L. Stout, Jr. appeals his sentence following the trial court's revocation of his placement in a work release program. Stout presents a single issue for our review, namely, whether the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentence in the Vigo County Jail.

[2]     We affirm.

## Facts and Procedural History

[3]     On May 8, 2013, Stout was placed in a work release program as a pretrial placement for a prior offense. However, Stout fled from that placement on May 27. Accordingly, the State charged him with escape, as a Class C felony. Thereafter, Stout entered into a plea agreement in which he agreed to plead guilty to failure to return to lawful detention, as a Class D felony. On August 12, the court accepted Stout's guilty plea and sentenced him to three years suspended to probation.[1]

[4]     Just over one month later, on September 20, the State filed a notice of probation violation in which it alleged that Stout had failed a drug test. The State later amended that notice to include allegations that Stout had failed another drug

---

[1]  In the same plea agreement, Stout pleaded guilty to conversion, as a Class A misdemeanor, for the prior offense. The court sentenced Stout to one year suspended to probation for that offense, which sentence was to run consecutive to his sentence for failure to return to lawful detention.

test, failed to enroll in a drug program, failed to submit to drug screens, and committed invasion of privacy. Stout admitted to the allegations, and the court returned him to probation. On November 10, 2014, the State filed another notice of probation violation and alleged that Stout had tested positive for illegal drugs on several occasions, failed to report to work, and failed to engage in a drug program. Stout again admitted to the violations, and the court ordered him to participate in a jail linkage program. Stout successfully completed that program, and the court returned him to probation.

[5] Thereafter, on March 14, 2016, the State filed another notice of probation violation. In that notice, the State alleged that Stout had violated the terms of his probation when he committed theft and possession of a controlled substance. In a plea agreement, Stout admitted that he had violated the terms of his probation. The court returned Stout to probation.

[6] Then, in 2017, the State alleged that Stout had again violated the terms of his probation when he missed thirteen drug screens, failed drug tests, and failed to report to probation. On November 20, Stout failed to appear for a hearing. As a result, the trial court issued an arrest warrant, which remained active for two years until it was served on September 26, 2019. The court then held a fact-finding hearing on the State's petition on October 28. Following the hearing, the court found that Stout had violated the terms of his probation and ordered him to serve the remainder of his sentence on work release.

[7] On March 12, 2020, the State filed a petition to revoke Stout's placement on work release. In that petition, the State alleged that Stout had committed thirteen violations. Specifically, the State alleged that Stout had: tested positive for drugs on three occasions; been in unauthorized areas; possessed a lighter on multiple occasions; been disrespectful to a corrections officer; failed to participate in a mandatory cleaning; possessed a cigarette; possessed a "green leafy synthetic lookalike substance"; and failed to submit to a drug test. Appellant's App. Vol. II at 108.

[8] Following a hearing, the court found that Stout had violated the terms of his placement. The court then stated that it did not "have a lot of choices here. I don't have work release available . . . . I don't have in-home detention available. I don't have DOC available. You are doing an executed sentence. There's no probation on this. I'm not going to return you to probation." Tr. at 52. Accordingly, the court ordered Stout to serve the balance of his previously suspended sentence in the Vigo County Jail. This appeal ensued.

## Discussion and Decision

[9] Stout appeals the trial court's order that he serve the balance of his previously suspended sentence. We begin by noting that placement in community corrections is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Toomey v. State*, 887 N.E.2d 122, 124 (Ind. Ct. App. 2008). Further, "[b]oth probation and community corrections programs serve as alternatives to commitment in the DOC and both are made at the sole discretion of the trial court." *Holmes v. State*, 923 N.E.2d 479, 482 (Ind. Ct. App. 2010).

[10] This Court treats a petition to revoke placement in a community corrections program the same as a petition to revoke probation. *See Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). Upon finding that a defendant has violated a condition of his placement, the trial court may "revoke the placement and commit the person to the county jail or department of correction for the remainder of the person's sentence." Ind. Code § 35-38.2.6-5(a)(4) (2020). We review the trial court's sentencing decision following the revocation of probation for an abuse of discretion. *Cox v. State*, 850 N.E.2d 485, 489 (Ind. Ct. App. 2006). An abuse of discretion occurs "only where the trial court's decision is clearly against the logic and effect of the facts and circumstances" before the court. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018) (per curiam).

[11] On appeal, Stout does not dispute that he repeatedly violated the conditions of his probation and work release program. Instead, he asserts that the trial court abused its discretion when it ordered him to serve the balance of his previously suspended sentence because his placement was only revoked due to "several technical violations," and because he was not taking his "mental health medication" at the time he entered the work release program. Appellant's App. at 9. He further asserts that the mother of his children had become unemployed "as a result of the shuttering of businesses during the pandemic" and that he needed to work to support their children. *Id*. at 9-10. In essence, he maintains that, "[g]iven the nonviolent and minor nature" of his original offense and subsequent violations, "and considering the risk inmates face[] from the

coronavirus while incarcerated," the court should have placed him back on probation. *Id*. at 10.

[12] But the trial court's judgment is supported by substantial evidence and was within the court's discretion. From the time the court placed Stout on probation, he repeatedly violated the terms of his placement. Indeed, the State filed numerous notices of probation violations between September 20, 2013, which was just over one month after he was initially placed on probation, and 2016 for allegations that included failed drug tests, missed drug tests, failure to engage in a drug treatment program, and the commission of new crimes. But each time, the court showed leniency and returned him to probation.

[13] Then, in 2017, the State filed another notice of probation violation after Stout missed drug screens, failed drug screens, and failed to report to probation. Stout failed to appear for a hearing, and the court issued an arrest warrant, which remained active for two years. Once Stout finally appeared before the court, the court again found that he had violated the terms of his probation and placed him in a work release program. Less than six months later, Stout committed thirteen more acts that each constituted a violation of his placement. In other words, since the case began in 2013, the trial court repeatedly showed Stout leniency and gave him opportunities to avoid incarceration, but Stout continued to violate the terms of his placement.

[14] We acknowledge that the coronavirus has caused a global pandemic and has resulted in millions of people, including the mother of Stout's children, losing

their jobs. However, that does not change the fact that Stout had numerous opportunities to avoid incarceration and remain working to support his family. Instead, Stout chose to repeatedly violate the terms of his placement. The court's order that he serve the balance of his previously suspended sentence is supported by the record and was well within the trial court's discretion. We affirm the court's judgment.

Affirmed.

Bradford, C.J., and Mathias, J., concur.